UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

PATRICK GOTTSCH,

       Plaintiff,

  -v-                                                    No. 17 CV 6974-LTS-BCM

EATON & VAN WINKLE LLP et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION & ORDER

       Plaintiff Patrick Gottsch ("Plaintiff" or "Gottsch") brings this action for breach of contract and breach of fiduciary duty against Defendants Eaton & Van Winkle LLP ("EVW"), Martin Garbus, and Vincent McGill.[1] Defendants now move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 to dismiss the First and Second Causes of Action asserted in the Complaint (docket entry no. 1, the "Compl.").[2] (Docket entry no. 18.) The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. The Court has considered the parties' submissions in connection with the instant motion practice carefully and, for the following reasons, Defendants' motion for summary judgment is denied, and their motion to dismiss the First and Second Causes of Action is granted.

---

[1]     On November 21, 2017, the parties filed a stipulation of partial discontinuance of all claims against Defendant David Spivak. (Docket entry no. 38.) Defendants' motion to dismiss the claims against Spivak is thus mooted in light of the parties' stipulation.

[2]     Defendants' notice of motion refers to dismissal of the "entire complaint" as to Defendants McGill. The Third Cause of Action, for breach of contract, is only asserted against EVW.

BACKGROUND

The following recitation of relevant facts is drawn from the Complaint, the well-pleaded factual content of which is taken as true for purposes of the instant motion practice, and from documents incorporated by reference into the Complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).[3]

On June 17, 2013, Plaintiff Patrick Gottsch, by and through an individual named Gatsby Gottsch, retained EVW to represent him in connection with a petition to stay arbitration filed by Gottsch against C. Elvin Feltner in the Supreme Court of New York (the "Supreme Court Proceeding"). (Compl. ¶ 12.) The Supreme Court Proceeding terminated in Gottsch's favor after the presiding judge denied a motion to compel arbitration filed by Feltner, reasoning that Gottsch was not bound by a 1997 agreement with Feltner to arbitrate. (Compl. ¶ 13.) On May 5, 2015, Feltner appealed the Supreme Court's decision (the "Appellate Proceeding"). (Compl. ¶ 14.) Gottsch signed a second retainer agreement with EVW on May 8, 2015, for representation in connection with the Appellate Proceeding. (Compl. ¶ 15.) EVW briefed the appeal and indicated to Gottsch that Defendant Martin Garbus would argue the appeal at an oral argument on January 5, 2016. (Compl. ¶ 16.) However, without informing Gottsch, neither Garbus nor any other EVW attorney appeared at the oral argument. (Compl. ¶ 17.)

On March 8, 2016, the Appellate Division issued a decision reversing in part and modifying in part the determination of the Supreme Court (the "Appellate Decision"). (Compl. ¶ 18.) The Appellate Division held that Gottsch was required to submit to arbitration, and permitted Feltner to renew a previously-denied motion to compel other entities to participate in

---

[3]     The Court declines to consider additional factual material proffered by the parties in connection with the instant motion practice because, as explained below, Defendants' motion for summary judgment is denied.

the same arbitration following the completion of discovery in the arbitration proceeding. (Compl. ¶ 19.) EVW, and in particular an attorney named Robert Bernstein, continued to represent Gottsch in connection with the ensuing arbitration proceeding on remand. (See Compl ¶ 28.) On December 21, 2016, after the final hearing in the arbitration proceeding, Bernstein informed Gottsch that neither Garbus nor any other EVW attorney had appeared at the oral argument before the Appellate Division. (Compl. ¶¶ 30-31.) Bernstein had learned about Garbus' failure to appear at oral argument before December 21, 2016, and Garbus and Defendant Vincent McGill, a managing partner at EVW, had instructed Bernstein "not to say anything" to Gottsch about EVW's failure to attend the oral argument. (Compl. ¶¶ 6, 23, 25.) On February 22, 2017, the arbitration panel issued a final award in Gottsch's favor. (Compl. ¶ 35.) Gottsch subsequently terminated his relationship with EVW. (Compl. ¶ 36.)

In Gottsch's First Cause of Action, the Complaint asserts that Defendants breached their fiduciary duties to Gottsch by, among other things, intentionally missing oral argument and subsequently "concealing" that decision from Gottsch. (Compl. ¶ 53.) Gottsch alleges that the failure to attend oral argument prejudiced the outcome of the Appellate Proceeding and led the appellate court to order Gottsch to participate in costly arbitration and discovery on remand. (Compl. ¶¶ 33, 55.) Specifically, Gottsch alleges that, had an attorney been present at oral argument, that attorney "would have been able to explain to the [appellate] [p]anel that Feltner's counsel repeatedly and explicitly waived discovery" during the Supreme Court Proceeding. (Compl. ¶ 32.) Gottsch also alleges that Defendants' failure to inform and advise Gottsch that no one had appeared at oral argument on his behalf deprived Gottsch of an opportunity to discontinue his attorney-client relationship with EVW, and deprived him of

information that would have influenced Gottsch's decision to timely appeal the Appellate Decision to a higher court. (Compl. ¶ 56.)

Separately, in his Second Cause of Action, Gottsch asserts that Defendants breached their fiduciary duties by falsifying certain billing invoices from June 13, 2013, to November 2016, totaling nearly $700,000. (Compl. ¶¶ 38-41, 58-65.) According to Gottsch, EVW billed for time in excess of that actually spent on Gottsch's case, EVW's rates for certain attorneys fluctuated over time in a manner inconsistent with his engagement letters, and EVW wrongfully billed work performed by attorneys with lower hourly rates as though it was performed by attorneys with higher hourly rates. (Compl. ¶¶ 40-41, 44, 47.) In a Third Cause of Action, the Complaint asserts a claim for breach of contract based upon the two engagement letters signed with EVW. (See Compl. ¶¶ 66-72.)

## DISCUSSION

Defendants move to dismiss Plaintiff's First and Second Causes of Action, which assert claims of breach of fiduciary duty, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and also move for summary judgment dismissing those causes of action pursuant to Federal Rule of Civil Procedure 56.

Summary judgment will be granted in favor of a moving party where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is rarely granted before the nonmoving party has had an opportunity to conduct discovery. See Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."). No discovery has been conducted in this case, and the factual materials submitted by the parties

in connection with the instant motion practice demonstrate that there are factual disputes relevant to key issues.  For example, Defendants proffer a declaration from Garbus in which he states that he "determined, in [his] best professional judgment, that oral argument of the appeal was not in the client's interest," and that he discussed "the decision and the wisdom" of appealing the Appellate Decision with Gottsch.  (Docket entry no. 18, Garbus Decl. ¶¶ 7-8, 11.)  In response, Gottsch proffers affidavits suggesting that Defendants' decision not to attend the oral argument was not strategic, and that Garbus never discussed the merits of pursuing an appeal with Gottsch.  (Docket entry no. 42, Bernstein Decl. ¶ 20-21; docket entry no. 41, Gottsch Decl. ¶ 20.)  Because the parties' factual proffers indicate that there are material disputes regarding, among other things, Defendants' motives and conduct, as well as the extent of Plaintiff's alleged injuries, Defendants' motion for summary judgment is denied.  Accordingly, the Court turns to the question of whether Plaintiff's First and Second Causes of Action state claims upon which relief can be granted.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Under the Rule 12(b)(6) standard, the court accepts as true the

nonconclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

First Cause of Action

To state a claim for breach of fiduciary duty, a plaintiff must allege "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Johnson v. Nextel Commcn's, Inc., 660 F.3d 131, 138 (2d Cir. 2011). "It is axiomatic that the relationship of attorney and client is fiduciary." Ulico Cas Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker, 865 N.Y.S.2d 14, 20 (N.Y. App. Div. 2008).

Gottsch alleges that Defendants, as his attorneys, breached their fiduciary duties to Gottsch by intentionally missing oral argument, concealing that fact from Gottsch, and failing to inform Gottsch that he could appeal the Appellate Decision to a higher court. (Compl. ¶¶ 52-53, 56.) Gottsch alleges that Defendants' failure to appear at oral argument prejudiced the outcome of the Appellate Proceeding in Feltner's favor and resulted in additional discovery on remand in connection with arbitration proceedings. (Compl. ¶ 55.) Gottsch also alleges that Defendants' failure to inform him that no one had appeared at oral argument deprived Gottsch of the opportunity to discontinue his attorney-client relationship with EVW, and deprived him of information relevant to his decision as to whether to timely file an appeal. (Compl. ¶ 56.)

Defendants argue that Gottsch's First Cause of Action should be dismissed because the Appellate Decision was correct as a matter of law. Gottsch alleges no facts or legal authority indicating that the outcome of the Appellate Decision was incorrect as a matter of law or inconsistent with the record on appeal. Moreover, the Appellate Decision, which is incorporated by reference into the Complaint, does not itself authorize discovery and thus provides no plausible factual basis for Gottsch's allegation that Defendants' failure to make

certain statements at oral argument resulted in additional discovery on remand. Thus, to the extent that Gottsch alleges Defendants' failure to attend and make certain statements at oral argument resulted in an adverse ruling or permitted additional discovery on remand, the Court agrees that Gottsch has failed to plead plausibly that he was injured by the alleged breach of fiduciary duty.

In light of the Court's determination that Gottsch has not stated a claim with respect to the outcome of the Appellate Decision itself, the only remaining theory of liability advanced in Gottsch's First Cause of Action is that Defendants' breached their fiduciary duties to Gottsch by intentionally concealing and failing to inform Gottsch of their decision not to attend oral argument, which allegedly prolonged Gottsch's attorney-client relationship with Defendants and deprived Gottsch of an opportunity to discontinue that relationship. (Compl. ¶¶ 53, 56.) Defendants argue that Gottsch's concealment theory of liability is insufficient to state a claim for breach of fiduciary duty under New York law because "[s]uccessful claims against attorneys for breach of fiduciary duty involve conduct far more serious tha[n] Gottsch's claims." (Docket entry no. 45, Reply at 8-9.) Gottsch's concealment theory appears to be premised on the assumed existence of a fiducary duty to disclose to the client each decision made by an attorney in the course of the client's representation, so that the client would be in a position to terminate the relationship upon disagreement with each such decision. Although New York law recognizes that the attorney-client relationship imposes on the attorney "[t]he duty to deal fairly, honestly and with undivided loyalty . . . including maintaining confidentiality, avoiding conflicts of interest, operating competently, safeguarding client property and honoring the clients' interests over the lawyer's," Ulico, 56 A.D.3d at 9, the Court finds no basis for the proposition that

attorneys have a fiduciary duty to report to their clients each and every decision made by the attorney on the client's behalf.[4]

To the extent that Gottsch argues that Defendants breached their duty of loyalty or placed their interests above his own by not informing Gottsch of their failure to attend the oral argument, the Court finds that the Complaint does not allege facts sufficient to support an inference that Defendants acted in their own self-interest or otherwise had improper motives. Although the Complaint alleges that Garbus and McGill instructed Bernstein "not to say anything" to Gottsch about EVW's failure to attend the oral argument (Compl. ¶¶ 23, 25), that allegation alone is insufficient to support plausibly a rational inference that the purpose of Defendants' actions was to prolong EVW's representation or act in a manner adverse to Gottsch's interests. Accordingly, Defendants' motion is granted insofar as it seeks the dismissal of Gottsch's First Cause of Action.

Second Cause of Action

Gottsch's Second Cause of Action asserts that Defendants breached their fiduciary duties by falsifying certain billing invoices. (Compl. ¶¶ 38-41, 64.) Defendants argue that this cause of action is duplicative of Gottch's breach of contract claim, and thus must be dismissed. Under New York law, "claims of fraud and breach of fiduciary duty that merely duplicate contract claims must be dismissed." Bullmore v. Banc of America Securities LLC, 485

---

[4] Indeed, the relevant New York Rule of Professional Conduct, which Gottsch cites in his Complaint, imposes no such requirement. That rule provides, in pertinent part, that a lawyer shall "promptly inform the client of . . . material developments in the matter," and otherwise "reasonably consult with the client about the means by which the client's objectives are to be accomplished" and "keep the client reasonably informed about the status of the matter." N.Y. Rule of Professional Conduct 1.4 (May 4, 2010).

F. Supp. 2d 464, 470 (S.D.N.Y. 2007).  However, "[c]onduct constituting a breach of contract nevertheless is actionable in tort if a legal duty independent of the contract itself has been violated."  Id. at 470-71.

Here, Gottsch's Second Cause of Action arises from the same allegations underlying his breach of contract claim.  Gottsch's Second Cause of Action alleges that Defendants created a fiduciary relationship "pursuant to the [e]ngagement letter, dated June 17, 2013, and, thereafter, the [r]etainer [a]greement, dated May 8, 2015" (Compl. ¶ 59), and that Defendants breached their duty to act in good faith and refrain from collecting excessive fees by falsifying certain billing invoices (Compl. ¶¶ 38-41, 59-64).  Similarly, Gottsch's claim for breach of contract alleges that Defendants breached their contractual obligations by "engaging in and committing the acts and/or omissions which are set forth herein at paragraphs 38-47," which include the allegations concerning falsification of the same billing invoices.  (Compl. ¶¶ 70-71.)  Thus, Gottsch's Second Cause of Action must be dismissed as duplicative.  See Perkins v. Am. Transit Ins. Co., 2013 WL 174426, at *11 (S.D.N.Y. Jan. 15, 2013) ("[A] plaintiff cannot pursue a separate breach of fiduciary duty claim based on allegations of fiduciary wrongdoing that are either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship by the requirement implicit in all contracts of fair dealings and good faith.") (internal quotations omitted).

Gottsch argues that his Second Cause of Action is not duplicative of his breach of contract claim because, unlike his breach of contract claim, this cause of action is asserted against Defendants Garbus and McGill, with whom he had no contractual relationship, as well as against EVW.  However, Gottsch pleads no facts to support his claim that Garbus or McGill had a role in the falsification of any billing invoices.  (See Compl. ¶¶ 38-41, 59-65.)  Thus, Gottsch

has failed to state a claim for breach of fiduciary duty arising from the falsification of billing invoices with respect to Garbus and McGill and his Second Cause of Action must be dismissed with respect to those Defendants.

Gottsch also argues in this motion practice that his Second Cause of Action is distinguishable from his breach of contract claim because the breach of contract claim is based solely upon the alleged fluctuation in EVW's billing rates in a manner inconsistent with his engagement letters. Gottsch's argument is belied by paragraph 66 of the Complaint, which incorporates into the Third Cause of Action all of the preceding allegations of the Complaint, including the Second Cause of Action, and by paragraph 71 of the Complaint, which specifically incorporates by reference Gottsch's allegations regarding the falsification of billing invoices as part of Gottsch's Third Cause of Action. Because Gottsch's Second Cause of Action arises primarily from the same facts and contractual obligations as his breach of contract claim, Defendants' motion to dismiss Gottsch's Second Cause of Action for failure to state a claim upon which relief may be granted as against Defendants Garbus and McGill, and as duplicative of the breach of contract claim against EVW, is granted.

Claims Against Vincent McGill

Defendants also seek the dismissal of all claims against McGill, who is named as a Defendant in Plaintiff's First and Second Causes of Action. In light of the Court's foregoing dismissal of Plaintiff's First and Second Causes of Action, Defendants' motion to dismiss all claims against McGill is also granted.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. Defendants' motion to dismiss the First and Second Causes of Action asserted in the Complaint is granted, and all claims against Defendant McGill are dismissed. This Memorandum Opinion and Order resolves docket entry no. 18. This action remains referred to Magistrate Judge Moses for general pre-trial management.

SO ORDERED.

Dated: New York, New York
September 24, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge